UNITED STATES DISTRICT JUDGE
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-159 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Daniel Morris Johnson, | |
| Defendant. | |

This matter is before the Court upon Defendant Daniel Morris Johnson's ("Defendant") objections (Doc. No. 37) to Magistrate Judge Tony N. Leung's September 18, 2014 Report and Recommendation (Doc. No. 36) insofar as it recommends that Defendant's motions to suppress be denied.  The Government filed a response to Defendant's objections on October 21, 2014.  (Doc. No. 41.)  Defendant filed a reply to the Government's response on October 23, 2014.  (Doc. No. 43.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Defendant states that he solely objects to the Report and Recommendation to the extent it determined that the initial search warrant leading to the seizure of Defendant's computers, Defendant's arrest and statements, and a second warrant was based on

sufficient probable cause. Specifically, Defendant argues that the affidavit upon which the search warrant was based was a "bare bones" affidavit that: (1) failed to sufficiently corroborate the juvenile victim's (BM) claims, including with respect to whether she was ever alone with Defendant, whether she had ever seen computers belonging to Defendant, whether she had seen him place electronic files on computers in Woodbury, and what the devices looked like; and (2) included no information upon which the issuing judge could reliably conclude the information was not stale. Defendant further focuses heavily on the fact that the alleged sexual conduct occurred in Montevideo, but Defendant was searched at his home in Woodbury. Defendant argues that this shows that the affidavit was based on mere speculation. As a result of the above, Defendant argues that all fruits of the execution of the warrant, including computer drives and the informed thereon, Defendant's post-arrest statements, and the search of computer hard drives based upon a second search warrant connected to the initial illegal search, must be suppressed as fruit of the illegal search.

Having carefully, reviewed the record, the Court concludes that Defendant's objections offer no basis for departure from the Report and Recommendation. In particular, Defendant's argument that the minor BM's statement was insufficient to establish probable cause because it was the only source of information fails. First, as the Magistrate Judge and the Government note, the uncorroborated testimony of a sexual assault victim, alone, can support probable cause. *See United States v. Wallace*, 550 F.3d 729, 734 (8th Cir. 2008); *see also United States v. Betone*, 636 F.3d 384, 387 (8th

Cir. 2011). Second, here, the totality of the circumstances creates "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The affidavit alleges a number of very detailed occurrences of sexual assault against a minor and over a period of time. The affidavit further alleges specific details regarding photographs Defendant had taken and where, how and why he had stored those photographs on his computer in Woodbury. All viewed together, the Magistrate Judge had a "substantial basis for concluding that probable cause existed." *Id.* (citation omitted).

Additionally, the Court finds that the timing between the acts and the search was sufficiently close to support a finding that probable cause existed at the time of the search and that therefore the affidavit was not stale. The record reflects that the affidavit alleged that Defendant took nude photographs and downloaded those photographs, and sexually assaulted BM on a number of occasions. Again, the totality of the circumstances and the recognition that evidence of this nature is not likely to be destroyed, together, support the Magistrate Judge's conclusion that a fair probability existed that a search would result in the discovery of evidence of child pornography or the sexual assault of a minor.

The Court thus concludes, as did Magistrate Judge Leung, that Defendant has failed to establish that suppression of the evidence seized during the search of his residence, as well as his corresponding arrest and statements made to law enforcement, and evidence related to a second search warrant is justified. Further, Defendant no longer seeks to

3

suppress certain statements made as involuntary or without full understanding of his rights. (Doc. No. 37 at 4 & n.1.)   Consequently, the Court denies Defendant's motions.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.      Defendant Daniel Morris Johnson's objections (Doc. No. [37]) to Magistrate Judge Tony N. Leung's September 18, 2014 Report and Recommendation are **OVERRULED**.

2.      Magistrate Judge Tony N. Leung's September 18, 2014 Report and Recommendation (Doc. No. [36]) is **ADOPTED**.

3.      Defendant's Motion to Suppress Results of Search (Doc. No. [19]) is **DENIED**.

4.      Defendant's Motion to Suppress Statements (Doc. No. [20]) is **DENIED AS MOOT**.


Dated:   November 4, 2014          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge