UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 14-159 (DWF/TNL)
                                                    Civ. No. 17-5159 (DWF)
        Respondent-Plaintiff,

v.                                                        **MEMORANDUM
                                                    OPINION AND ORDER**

Daniel Morris Johnson,

        Petitioner-Defendant.

This matter is before the Court on Petitioner-Defendant Daniel Morris Johnson's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. (Doc. No. 127.) The United States of America (the "Government") opposes Petitioner-Defendant's petition. (Doc. No. 133.)

Petitioner/Defendant alleges that his sentence that was imposed by this Court was excessive and that he received ineffective assistance of counsel at trial.

## BACKGROUND

On May 21, 2014, in a one count Indictment, Petitioner-Defendant was charged with production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e). (Doc. No. 1.) Petitioner-Defendant proceeded to a bench trial before this Court and was found guilty as charged. (Doc. No. 61 at 6.) The United States Probation and Pretrial Services Office then prepared a presentence investigation report ("PSR"). The PSR found that Petitioner-Defendant's total adjusted offense level was 38, and based upon the criminal history category of V, that created an advisory imprisonment range of

360 months to life in prison. The imprisonment range was capped at the statutory maximum of 50 years because of Petitioner-Defendant's prior conviction involving sexual contact with a minor. (PSR ¶ 65.)

The record before this Court will speak for itself. The parties filed comprehensive and significant pleadings with respect to sentencing. The Government sought a 50-year sentence based upon Petitioner-Defendant's history of abusing children and, specifically, his pattern of developing relationships with adult women with female children and abusing those children. (Doc. No. 82 at 2-3.) The Government also argued that there was an aggravating factor present, namely Petitioner-Defendant blamed the 15-year-old victim for the abuse by asserting that she had seduced him and he characterized the abuse as "an affair." *Id.*

Petitioner-Defendant did object to the use of his prior conviction for fifth-degree criminal sexual conduct to enhance the mandatory minimum and statutory maximum penalties in his case. (Doc. No. 79 at 20.) The Court adopted the PSR without change. The Court rejected Petitioner-Defendant's arguments, and in so doing applied the enhancement and sentenced Petitioner-Defendant to 354 months' imprisonment.[1] The Court ordered Petitioner-Defendant's federal sentence to be served concurrently with the sentence in Chippewa County District Court. (Doc. No. 108 at 2.)

Petitioner-Defendant then appealed this Court's denials of his motion to suppress evidence which was obtained during the search of his residence asserting that the warrant

---

[1] Pursuant to U.S.S.G. § 5G1.3 the sentence was reduced, as observed by the Government, by 66 months. (Statement of Reasons at 2.)

2

supporting the affidavit lacked probable cause and the required nexus to his residence. Significantly, Petitioner-Defendant challenged the same predicate offense enhancement applied at sentencing based on his prior state conviction for fifth-degree criminal sexual conduct as he is now asserting in this action before the Court. *United States v. Johnson*, 848 F.3d 872, 874-75 (8th Cir. 2017). The Eighth Circuit rejected Petitioner-Defendant's arguments, including his argument with respect to how the Court treated his fifth-degree criminal sexual conduct conviction and affirmed the judgment of this Court. *Id.* at 880. As noted above, on November 17, 2017, Petitioner-Defendant filed the instant motion that is now before the Court.

## DISCUSSION

### I.   Section 2255 Legal Standard

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a

complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, contrary to a number of Petitioner-Defendant's assertions which will be addressed below, § 2255 does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

As observed by the Government, a § 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

### A. Petitioner-Defendant's Sentence

As noted above, Petitioner-Defendant's sentence was affirmed in all respects on appeal. He is, in effect, rearguing the same issues in this § 2255 motion. Then and now, Petitioner-Defendant continues to assert an adjusted guideline level of 38 and a criminal history Category II, with an advisory guideline range of 262-327 months. Implicit in Petitioner-Defendant's argument is that there was no basis for any enhanced sentence in the case of 420 months. (Petitioner-Defendant's § 2255 Motion at 3.)

Before the Court, at the time of sentencing and before the Eighth Circuit at the time of Petitioner-Defendant's appeal, and before the Court today, is the fact that he has a prior conviction for Fifth-Degree Criminal Sexual Conduct that did in fact precipitate the enhanced penalty pursuant to 18 U.S.C. § 2251(e). (PSR ¶ 31.) As observed by the Government, § 2251, which is entitled "Sexual exploitation of children" criminalizes, among other offenses, the production of child pornography. It also affixes punishment between 15 and 30 years' imprisonment, but enhances that punishment to between 25 and

50 years' imprisonment if the defendant "has one prior conviction . . . under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward . . . ."  18 U.S.C. § 2251(e).

It is true that the PSR reported a criminal history category of II.  However, given that Petitioner-Defendant had a prior sex offense conviction, his criminal history category became V (U.S.S.G. § 4B1.5(a)(2)).  (PSR ¶ 34.)

Significantly, Petitioner-Defendant did in fact challenge the application of the predicate offense enhancement at sentencing.  This Court overruled his objection and, in so ruling, stated, "I have hesitancy to make that finding [the prior offense involved abusive sexual conduct with a minor] as opposed to it was some type of non-sexual or aggressive intent."  (Doc. No. 115, Sent. Tr. at 17.)  Moreover, this Court was unequivocal in stating that irrespective of the mandatory minimum, which was raised from 15 to 25 years based upon the predicate conviction, that it would have imposed the same sentence, namely 354 months.  The Court, in so stating, concluded and so informed the parties that the § 3553(a) factors required this Court to impose the sentence of 354 months.  (Doc. No. 115, Sent. Tr. at 67.)

This Court went on to state, as accurately observed by the Government, "I feel anything less than what I have done would not promote sufficient respect for the law." (Doc. No. 115, Sent. Tr. at 69.)

And, as this Court has noted above, Petitioner-Defendant appealed this specific ruling to the Eighth Circuit Court of Appeals.  *United States v. Johnson*, 848 F.3d 872, 874-75 (8th Cir. 2017).  The Eighth Circuit, as noted above, affirmed.  This specific issue

5

was raised and decided on direct appeal and cannot be reargued before this Court by Petitioner-Defendant in his § 2255 motion. For these reasons the Court denies the relief sought by Petitioner-Defendant as this Court did at the time of sentencing, which was affirmed by the Eighth Circuit Court of Appeals.

## II. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . . rendered adequate assistance." *Id.* A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court would first note that with the approval of the Court, the Government obtained an Affidavit from defense counsel James Ostgard given the nature of Petitioner-Defendant's assertions against him of ineffective assistance of counsel.

### A.  Medications

First of all, Petitioner-Defendant asserts that his trial counsel, James Ostgard, forced him into getting medication for depression. The record before the Court entirely contradicts Petitioner-Defendant's assertion. The fact is that Petitioner-Defendant had been on medications while in state custody, which preceded federal custody. Then, Petitioner-Defendant began receiving the same or similar medications shortly after his transfer to the Sherburne County jail pending his federal trial before this Court. And consistent with many other cases before this Court, the medical decisions regarding Petitioner-Defendant's medications were made not by trial counsel, but by medical staff at their respective state facilities. Moreover, there is no evidence before this Court that defense counsel pressured or forced in any way Petitioner-Defendant to take medication for depression or any other mental health issue or ailment. It is true that one day before the rescheduled trial date before this Court, defense counsel communicated with the medical staff at Sherburne County Jail concerning Petitioner-Defendant's state of mind after he observed a serious regression in Petitioner-Defendant's appearance and demeanor. *See* Ostgard Decl. at ¶ 23. At that time, defense counsel was informed that Petitioner-Defendant had received a change in medications which resulted in defense counsel asking this Court for a continuance of the trial, which the Court granted. And, as the Declaration of Mr. Ostgard notes, he observed significant improvement in

7

Petitioner-Defendant's condition through March and early April 2015. The record before this Court establishes that at trial Petitioner-Defendant was alert and asked appropriate and relevant questions and assisted in making his own decision not to testify. *See* Ostgard Decl. at ¶¶ 24-25.

### B. Waiver of Jury Trial

Petitioner-Defendant's also asserts that, while he was heavily medicated, his trial counsel inappropriately influenced him to waive a jury trial and have a trial before this Court. The record again establishes before this Court that Petitioner-Defendant, after discussing the issues with an experienced defense counsel, expressly agreed to waive a jury trial and asked for a trial before the Court. The record also establishes that defense counsel met on at least three separate occasions with Petitioner-Defendant and, based upon his experience and time spent with Petitioner-Defendant, he felt he understood his rights and was competent to proceed in deciding whether to proceed with a jury trial or a bench trial.

### C. Signing Documents and Failure to Continue the Trial

The record before this Court, including the Declaration of Mr. Ostegard, completely contradicts Petitioner-Defendant's generalized assertions that he was not allowed to read any documents and that he was heavily or over medicated. The record is quite to the contrary.

The record before this Court establishes that Petitioner-Defendant's mental state and ability to participate in his trial was a top priority of defense counsel throughout his representation. Mr. Ostgard filed three motions to continue the trial which were granted

8

by this Court due to Petitioner-Defendant's mental health and he actually sought expert assistance in evaluating his client's competence. *See* Ostgard Decl. at ¶¶ 19-20. In fact, Petitioner-Defendant reviewed and signed the Statement of Facts acknowledging the specific grounds for the continuance. It was defense counsel who moved this Court for a mental health examination of his client, Petitioner-Defendant. The record before this Court also establishes, as observed by the Government, that Mr. Ostgard, as defense counsel, continued to use the defense expert to assist him in working with his client and participating and preparing a defense.

What the record does establish is that Mr. Ostgard zealously defended his client and, with sensitivity and understanding, did so with an acute awareness of his mental health and medication issue.

Close scrutiny of the record before this Court shows that there was no ineffective assistance of counsel by Mr. Ostgard, and Petitioner-Defendant has failed to show that he was prejudiced in any way. In fact, the Court would go one step further and observe that the record before this Court belies the notion in all respects that Petitioner-Defendant received, at any stage of his case, ineffective assistance of counsel.

The Court acknowledges, however, that at no time has Petitioner-Defendant accepted any responsibility for the conduct that occurred between himself and the 15-year-old victim, stating it was just an affair and in fact that she had seduced him. For the reasons stated, the Court must respectfully deny any claim by Petitioner-Defendant that he received ineffective assistance of counsel.

### III.  Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

### IV.  Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

10

## CONCLUSION

The record before this Court entirely forecloses any notion or finding by this Court that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. In fact, not only was there not any actual prejudice to Petitioner-Defendant, but, based upon the record before this Court, the Court cannot envision any evidence that it could have received that would have affected the outcome and sentence in this case.

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Daniel Morris Johnson's *pro se* Motion Under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. No. [127]) is respectfully **DENIED**.

2. Petitioner-Defendant Daniel Morris Johnson's *pro se* Motion for Court Records and Investigative Reports (Doc. No. [126]) is **DENIED AS MOOT**.

3. No evidentiary hearing is required in this matter.

4. No certificate of appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 19, 2018                 s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge