UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Daniel Morris Johnson,

        Defendant.

Criminal No. 14-159 (DWF/TNL)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Defendant Daniel Morris Johnson's *pro se* motion for compassionate release. (Doc. No. 180.) The United States of America (the "Government") opposes the motion. (Doc. No. 184.) The Court dismisses Johnson's motion for compassionate release without prejudice because it lacks authority to consider his request.

## BACKGROUND

Johnson was charged with production of child pornography on May 21, 2014. (Doc. No. 1.) Following a bench trial, Johnson was convicted of that charge on July 7, 2015. (Doc. No. 61.) On April 29, 2016, this Court sentenced Johnson to a 354-month term of imprisonment to be followed by a fifteen-year term of supervised release. (Doc. No. 134.) Johnson is currently incarcerated at FCI Oxford with an anticipated release date of July 2, 2041. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Jan. 3, 2025).

Johnson previously moved for compassionate release based on the COVID-19 pandemic on November 16, 2020.  (Doc. No. 141.)  The Court denied this motion on April 20, 2021.  (Doc. No. 157.)  Johnson now moves for compassionate release based on his health, serious allegations of abuse by BOP staff, and unsanitary prison conditions.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.*  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move

for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.*

Here, Johnson has not shown that he exhausted his administrative remedies before filing this motion. Johnson moved for compassionate release on July 8, 2024. (Doc. No. 180.) Prior to this date, BOP had only received one compassionate release request from Johnson: the one related to Johnson's 2020 motion for compassionate release that the Court denied in 2021. (Doc. No. 184 at 3.) In one of his reply letters from October 15, 2024, Johnson attached a compassionate release request that he sent to his warden on September 10, 2024. (Doc. No. 187-1 at 4.) Neither of these requests satisfies the exhaustion requirement for the present motion.

First, a prior request sent to BOP does not discharge the exhaustion requirement on a subsequent motion for compassionate release, especially when the subsequent motion is based on new arguments and evidence. *See United States v. Mendoza*, No. 10-cr-313(1), 2020 WL 4018222, at *5 (D. Minn. July 16, 2020). Johnson's 2020 request centered around his COVID-19 concerns. (*See* Doc. No. 141, Ex. A.) Johnson's current motion is based on new medical conditions unrelated to COVID-19, alleged abuse, and unsanitary

3

prison conditions. Because this new motion relies on new arguments and evidence, the 2020 request cannot satisfy the exhaustion requirement.

Second, a defendant must submit a request to BOP at least 30 days prior to filing a motion for compassionate release. A court cannot sit on an untimely motion for at least 30 days to avoid the statute's mandatory claim-processing rule. *See Houck*, 2 F.4th at 1084; *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). Further, the Eighth Circuit has declined to create any equitable exceptions to this mandatory claim-processing rule because the Supreme Court has expressly reserved that question. *Houck*, 2 F.4th at 1084 (citing *Fort Bend County v. Davis*, 587 U.S. 541, 549 n.5 (2019)). Thus, even though Johnson attempted to later remedy his failure to exhaust administrative remedies, the Court cannot make an exception and get to the merits of the motion. Because Johnson did not submit a request to his warden prior to filing this motion, he did not exhaust his administrative remedies and his motion is not ripe for review. The Government properly raised the exhaustion issue, so the Court must dismiss Johnson's motion without prejudice. However, the Court notes that Johnson may refile his motion.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Daniel Morris Johnson's motion for compassionate release from custody (Doc. No. [180]) is **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 6, 2025                         s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge